CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

OCT 16 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRANCE FREITAS,<br>    Plaintiff, | Civil Action No. 7:08-cv-00506 |
| v. | **MEMORANDUM OPINION** |
| UNKNOWN SHERIFF, et. al.,<br>    Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Terrance Freitas, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Freitas alleges that the defendant jail officials failed to provide him with safe living conditions and adequate medical treatment. He seeks compensatory and punitive damages. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.

I

Terrance Freitas alleges the following sequence of events on which his claims are based. On September 25, 2007, he was incarcerated at the Middle River Regional Jail ("the jail"), located in Staunton, Virginia. While walking across a wet floor, Frietas slipped and fell. He claims that there was no sign warning that the floor was wet and slick. Frietas was found unconscious at the foot of a flight of 25 stairs. He injured his back, neck, and elbow. He also suffered contusions to his right and left arm and left leg. Officers immediately transported Freitas to Augusta Medical Hospital where a doctor prescribed pain medication.

Back at the jail, Frietas spent two days in the infirmary for observation. He continued to complain that he was in pain, but doctors released him to the general population. On September 27,

1

2007, Frietas passed out after experiencing pain in his head. He was found unconscious on the floor of his cell, "laying in blood." Again, officers transported him to the hospital. Doctors released him after four hours, stating that he had passed out as a result of his injuries on September 25. Frietas stayed another three days in the jail's infirmary for observation "with nothing done to determine the extent or source of his injuries and pain." Until his transfer from the jail to the Virginia Department of Corrections (VDOC) on December 17, 2007, Frietas claims he was "in constant pain," but his requests for further evaluation of his condition at the hospital were denied. He still suffers "constant back and neck pain without knowing the source of his pain." He blames his problems on "the negligence, medical malpractice, and denial of proper & adequate medical care attributable to Dr. Quinones and Nurse Riley."

II

Pursuant to §1915A, the court may dismiss an action filed by a prisoner against government officials at any time as frivolous, malicious or for failure to state a claim upon which relief may be granted. While the complaint need not provide detailed factual allegations to state a claim, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." Id. To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

2

## A. Hazardous Condition

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). Mere negligence by prison officials does not implicate the Due Process Clause. Daniels v. Williams, 474 U.S. 327 (1986). In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts demonstrating that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and (2) that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with regard to the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991). To satisfy the subjective element of a conditions claim, plaintiff must show that the defendant officials acted with deliberate indifference toward the risk of harm. Farmer v. Brennan, 511 U.S. 825, 835 (1994). Plaintiff must allege facts demonstrating that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed, that he actually drew that inference, and that he disregarded the risk by failing to take "reasonable measures" to alleviate the risk. Id. at 832-37.

For purposes of this opinion, the court will assume without finding that Frietas suffered serious injury in the fall. However, Frietas fails to demonstrate that anyone acted with deliberate indifference to a known hazard. He does not allege facts indicating that any of the defendants knew that the floor was wet before Frietas fell or that they reasonably could have known that the wet floor presented an unreasonable risk of serious harm to anyone. Thus, he fails to show deliberate indifference. As negligence by government officials does not present a constitutional violation, Frietas fails to state any actionable § 1983 claim against anyone related to the fall itself. To the extent that his allegations might give rise to a claim of negligence against someone under state law,

3

the court declines to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c). The court will, therefore, dismiss without prejudice all claims related to the fall.

B. Medical Treatment

To prove that her course of medical treatment in prison amounted to a violation of the Eighth Amendment, an inmate must show that personnel to whose care she was committed exhibited "deliberate indifference" to her "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). The inmate must show that the official was aware of objective evidence from which he could draw an inference that a substantial risk of harm existed, that he drew that inference, and that he failed to respond reasonably to the risk. Farmer, 511 U.S. at 847. A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Moreover, mere malpractice or negligence in diagnosis does not state a federal claim. Estelle, 429 U.S. at 105-106.

The Fourth Circuit Court of Appeals has held that to bring a medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. Id. at 855.

Upon careful review of the allegations in the complaint, the court cannot find that Frietas has stated any actionable § 1983 claim concerning his medical care. It is clear from the complaint that

4

the jail staff provided him with treatment after he fell. They transported him "immediately" to a hospital for evaluation; he also received diagnoses and treatment of his injuries and medication for his pain. Back at the jail, the medical staff kept him under observation and continued the treatment already prescribed. After he passed out in his cell, officers again transported him to the hospital and kept him in the infirmary for evaluation and treatment as needed. Plaintiff's own allegations indicate that the individuals charged with his care at the jail continually monitored his condition and provided the treatment they judged to be appropriate. Thus, Frietas fails to state any claim of deliberate indifference on the part of the medical staff. Moreover, the non-medical staff members had a right to rely on the doctors' decisions concerning the appropriate course of treatment for his conditions.

At the most, Frietas alleges his own disagreement with the defendants' treatment decisions and states his belief that he should have received further evaluation and testing at a hospital to determine the source of his blackouts and continuing pain. Such disagreements between patient and doctor are essentially allegations of negligence that do not present any constitutional deprivation. Accordingly, they are not "enough to raise a right to relief [under § 1983] above the speculative level."[1] Twombly, 127 S. Ct. at 1965. The court finds that plaintiff's complaint must be dismissed for failure to state a claim, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

---

[1] To the extent that Frietas might conceivably have some claim of medical malpractice, the court declines to exercise supplemental jurisdiction over any claim arising solely under state law and will dismiss all such claims without prejudice, pursuant to 28 U.S.C. § 1367(c).

5

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 16th day of October, 2008.

*/s/ James C. Turk*
Senior United States District Judge